Jeffrey W. Kusmick
16 Henderson Road
Kendall Park, NJ 08824-1503
T: 732.297.8789
e: jwkArchitect@pobox.com
Plaintiff

RECEIVED

OCT 0 1 2018

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **JEFFREY W. KUSMICK,**<br>    *Plaintiff*<br><br>vs.<br><br>**COASTAL REDEVELOPMENT PARTNERS, II, L.P.; DAVID J. LISA, INDIVIDUALLY; FIRSTRUST BANK;** and **TOWNSHIP OF OCEAN – WARETOWN, New Jersey,** Jointly and Severally,<br><br>    *Defendants* | : : : : : : : : : : : : : : | Case No. |

## COMPLAINT

### (Copyright Infringement and Breach of Contract)

1.  Plaintiff, Jeffrey W. Kusmick, an individual hereby files this Complaint against the Defendants, captioned herein above, for Copyright Infringement, Attorney's Fees, Litigation Expenses, Costs, Statutory and Compensatory Damages pursuant to the Copyright Law of the United States of America, Title 17 U.S.C.A. § 101 *et seq.* (herein "Copyright Act").

## PARTIES

2.      Plaintiff, Jeffrey W. Kusmick, (herein "Kusmick") is a Registered Architect licensed within the State of New Jersey having his business address at 16 Henderson Road within the Township of South Brunswick, Middlesex County, New Jersey.

3.      Defendant, Coastal Redevelopment Partners, II, L.P., (herein "Coastal") is a New Jersey Limited Partnership whose main business address is 501 Route 9, Waretown, New Jersey, 08758.

4.      Defendant, David J. Lisa, (herein "Lisa") is an individual and is also known to be the "Managing Partner" of Defendant Coastal.

5.      It is believed and therefore alleged that Defendant FirsTrust Bank (herein "Bank") is named herein as the lending institution of a construction loan made to Coastal and is the recipient of certain loan documents transferring Plaintiff's copyrights and contractual rights to the Project from Defendant Coastal to the Bank.

6.      Defendant Township of Ocean, Waretown, New Jersey (herein "Waretown") is a government entity having its business address located at 50 Railroad Avenue, Waretown, New Jersey 08758. It is believed and therefore alleged that Defendant Waretown infringed upon Kusmick's copyrights by making or utilizing unauthorized copies of Plaintiff's copyright protected architectural technical drawings

2

"blueprints" to effectuate the issuance of a construction permit in violation of the Copyright Act and in further violation of the Uniform Construction Code Act of New Jersey, N.J.A.C. 5:23-1 *et seq.*

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1331 and § 1338(a), this Court has original subject matter jurisdiction over the actions which arise from the Defendant(s)' copyright infringement of Plaintiff's Architectural Work or Technical Drawings/Maps.

8. Pursuant to 17 U.S.C. § 502, and 17 U.S.C. § 503, this Court has original jurisdiction to provide relief as requested by Plaintiff or as deemed just and proper by the Court.

9. Pursuant to 28 U.S.C. § 1391, and 28 U.S.C. § 1400(a) this venue is proper within this District and Trenton vicinage because the Defendants resides or conducts business within this District and vicinage.

10. Pursuant to 28 U.S.C. § 1367(a) (contract), this Court has supplemental jurisdiction over the actions which arise from the Defendant Coastal's breach of Kusmick's contract with Coastal, because the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

**GENERAL ALLEGATIONS**

11. On or about November 16, 2015, Kusmick entered into a written Contract for Architectural Services with Coastal (herein "Contract"). Said Contract, in essence required Kusmick to prepare a building design and construction drawings for a standalone one-story retail building containing two commercial tenant stores within a shopping center complex known as the Waretown Town Center located within Block 41, Lot 36.01, Waretown, Township of Ocean, Ocean County, New Jersey (herein "Project"). At the time of the Contract's execution, Coastal paid Kusmick the contract's stated retainer monies in the amount of $2,750.00.

12. The Contract was for a lump sum amount of $21,000.00, plus reimbursable expenses incurred during execution of the Contract, in two phases.

13. On or about October 6, 2016, Coastal received conditional land use approval for the Project's building design from the Defendant Waretown's local Waretown Redevelopment Committee. Said conditional approval required, among other things, design revisions to the building's façade to be made by Kusmick that was charged as an additional service pursuant to the terms of the Contract.

14. In or about October 2016, Kusmick received a payment from Coastal in the amount of $8,349.20 representing Kusmick Invoice No. 1, dated October 7, 2016. Invoice No. 1 incorrectly credited the

4

$2,750 contract retainer monies paid back to Coastal.

15.     On or about March 27, 2017, Kusmick issued to Coastal a progress set of architectural and structural plans via e-mail to Coastal for preliminary pricing.

16.     On or about April 6, 2017, Kusmick sent to Coastal two (2) sets of structural blueprint drawings, signed and sealed, for Coastal's filing with Defendant Waretown's Construction and Zoning Office for a partial footings and foundation permit. Included with the signed and sealed blueprints was Kusmick's Invoice No. 2, dated April 6, 2017, in the amount of $3,750.00.

17.     In or about May 2017, Coastal accepted Kusmick's lump sum proposal to provide additional architectural/structural services in the amount of $2,800.00 based on Coastal's request and desire to reduce preliminary structural steel costs. Said additional services Kusmick provided to Coastal was to revise the steel design to add additional structural columns within the Project's interior tenant spaces.

18.     On or about May 22, 2017, Kusmick completed his contracted scope of work and forwarded two (2) signed and sealed sets of Technical/construction ("blueprint") drawings including the revised structural steel framing drawings along with the Mechanical, Electrical, and Plumbing drawings (herein "MEP drawings"). Included with the signed and sealed blueprints sent to Coastal was Kusmick's

Invoice No. 3, dated May 25, 2017, in the amount of $9,433.75.

19. After Kusmick completed his contracted scope of work, Defendant Coastal did not remit any payments to Kusmick for Invoices Numbered 2 and 3, within the Thirty (30) days of the Invoices' dates, pursuant to the contract's terms.

20. Based on Coastal's failure to remit payments for Invoice No. 2 and Invoice No. 3 to Kusmick within Thirty (30) days, Kusmick began sending Coastal several Interest Invoices for accrued contract interest pursuant to its terms.

21. On or about September 7, 2017, Coastal remitted to Kusmick a partial payment of monies owed to Kusmick in the amount of $12,650.80.

22. Pursuant to the Contract's terms, Kusmick suspended his architectural services to Coastal without notice due to outstanding invoice balances remaining due and owing to Kusmick.

23. As of the date of this suit, Coastal has an outstanding contract balance in the amount of $4,530.34 due and owing to Kusmick.

## COUNT I

### (Copyright Infringement)

24. The allegations contained in the General Allegation are repeated and re-alleged as if fully set forth herein.

25. Plaintiff is the copyright owner and holder of Certificate of Registration VA 1-306-254 for the Project's Architectural Work having an effective registration date of June 14, 2017.

26. Plaintiff is also the copyright owner and holder of Certification of Registration VA 1-306-400 for the Project's Technical Drawings having an effective registration date of June 14, 2017.

27. On or about November 17, 2017, Kusmick issued a "Cease and Desist" letter to Defendants Lisa and Coastal informing them of the material breach to the Contract and that they are no longer entitled to the use of Plaintiff's copyright protected drawings.

28. It is believed and therefore alleged that Defendant Lisa infringed on Kusmick's copyrights by copying Kusmick's signed and sealed construction drawings without authorization to effectuate the construction permit application process for the issuance of a footing and foundation permit.

29. Said infringing articles or copies were stamped Received December 19, 2017 and did not contain Kusmick's original signature nor Kusmick's embossed "Registered Architect" seal impression, in violation of the Uniform Construction Code Act of New Jersey, N.J.A.C. 5:23-2.15 *et seq.* and in violation of the Copyright Act.

30. It is believed and therefore alleged that in or about December 2017 Defendant Waretown's Construction and Zoning Office

improperly allocated or used said infringing copied drawings by approving/releasing said unauthorized copies for the issuance of a partial footings and foundation construction permit in violation of N.J.A.C. 5:23-2.16(e) and in violation of the Copyright Act.

31. Plaintiff Kusmick having the exclusive rights within his Architectural Work and within his Technical Drawings did not authorize the reproduction and use of the copyrighted work/Technical Drawings by the Defendants, Coastal, Lisa, and Waretown.

32. Said copyright infringement and the continuing use of the infringing articles by Defendants Coastal and Lisa remain a continuing infringement as defined by the Copyright Act as well as a violation of the Uniform Construction Code Act of New Jersey.

**WHEREFORE**, Plaintiff demands judgment in favor of Kusmick and against the Defendants as follows:

a. The issuance of preliminary and/or final injunction pursuant to 17 U.S.C. § 502 to prevent or restrain infringement of Plaintiff's copyrights.

b. Judgment declaring Defendants Lisa, Coastal, and Waretown infringing parties pursuant to 17 U.S.C. § 501.

c. Judgment awarding Plaintiff statutory damages in accordance with the Copyright Act and against the Defendants Lisa, Coastal, and Waretown.

d. Judgment declaring Defendant Coastal's executed copyright

8

assignment document(s) to Defendant Bank null and void.

e. Judgment for attorney fees, taxed costs, and litigation expenses of this action and any further relief that the Court deems just.

## COUNT II

### (Breach of Contract)

33. The allegations contained in the General Allegation, and Count I are repeated and re-alleged as if fully set forth herein.

34. In summary, the contract's terms allowed Coastal's requested design changes to the contracted scope of work be charged as an additional architectural service at the contracted rate of $175.00 per hour noted therein.

35. Kusmick completed his contractual obligations to the Coastal including requested design changes during the land-use approval process and to the structural steel framing. Kusmick submitted to Coastal two (2) sets of signed and sealed technical drawings for Coastal's filing for a construction permit with Defendant Waretown.

36. As of the date of this suit, Defendant Coastal has not paid Invoice No. 3, dated May 25, 2017, in full, and has not paid Interest Invoices Numbered 3-Int through 9-Int for accrued interest on the unpaid balances due in accordance with the contract's terms.

9

37. Said non-payment of invoices totaling $4,530.34 and continuing use of Plaintiff's copyright protected drawings are continuing breaches that go to the essence of the contract.

**WHEREFORE,** Plaintiff demands judgment against Defendant Coastal as follows:

a. Judgment declaring Defendant Coastal breached the Contract.

b. Judgment awarding Plaintiff compensatory damages for total breach of the contract, on the unpaid amount of $4,530.34 remaining contract balance due and owing to Kusmick.

c. Judgment awarding Plaintiff pre-judgment and post-judgment simple interest pursuant to the contract's terms at a rate of 1-1/2 percent per month on the unpaid contract balance owed to Plaintiff until paid in full.

d. Judgment declaring Plaintiff's contract with Defendant Coastal terminated and thereby, discharging Plaintiff from any and all duties and liabilities.

e. Judgment declaring Defendant Coastal's executed contract assignment document(s) to Defendant Bank null and void.

e. Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

## COUNT III

### (Book Account)

37. The allegations contained in the General Allegations, Count I, and Count II are repeated and re-alleged as if fully set forth herein.

38. Plaintiff Kusmick and Defendant Coastal entered into a written contract for architectural services regarding the preparation of design and construction drawings the Project.

39. Pursuant to said Contract, Plaintiff supplied architectural service and additional architectural services contracted for by Defendant Coastal.

40. The fair and reasonable value of said architectural services, additional services, and reimbursable expenses provided is $29,832.95 as set forth in the Book Account as set forth in Schedule A attached hereto.

41. Defendant has an unpaid base contract balance of $4,530.34 including accrued contract interest as set forth in Schedule A.

42. Defendant Coastal owes Plaintiff Kusmick for billed goods and services rendered to the Defendant Coastal a total amount of $4,530.34 including continuing accrued interest at 1-1/2 percent per month as set forth in Schedule A.

**WHEREFORE,** Plaintiff demands judgment against Defendant Coastal as follows:

a) Judgment awarding Plaintiff compensatory damages and pre-judgment and post-judgment simple interest at the monthly contracted rate of 1-1/2 percent per month on the unpaid contract balance amount owed to Plaintiff until paid in full.

b. Judgment declaring Plaintiff's contract with Defendant Coastal terminated and thereby, discharging Plaintiff from any remaining duties and liabilities.

c. Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

### COUNT IV

### (Quantum Meruit)

43. The allegations contained in the General Allegations, Count I through Count III are repeated and re-alleged as if fully set forth herein.

44. Plaintiff Kusmick has provided substantial goods and services to the Defendant Coastal with a fair and reasonable value of $29,832.95 as set forth in Schedule A.

45. Since May 22, 2017, Defendant Coastal has used the contract/construction drawings and blueprints prepared by Plaintiff to facilitate Coastal's filing for a construction permit, obtain a

partial footings and foundation permit, and in obtaining various construction bids.

46. As such, Defendant Coastal has benefited from Plaintiff Kusmick's supply of said construction drawings/blueprints.

47. Defendant Coastal has wrongfully failed and/or refused to pay Plaintiff Kusmick the outstanding invoiced balances due of $4,530.34, despite Plaintiffs' due demands therefore.

48. Based on the fair and reasonable value noted in ¶44 of this count, Defendant Coastal owes Plaintiff for goods and services rendered to the Defendant Coastal in the amount of $4,530.34 as set forth in Schedule A attached hereto including the fair and reasonable value of accrued simple interest noted in Schedule A.

49. As a result of the foregoing, Defendant Coastal has been unjustly enriched.

**WHEREFORE,** Plaintiff demands judgment against Defendant Coastal as follows:

a. Judgment awarding Plaintiff compensatory damages and pre-judgment and post-judgment simple interest at the monthly contracted rate of 1-1/2 percent on the unpaid contract balance amount owed to Plaintiff until paid in full.

b. Judgment declaring Plaintiff's contract with Defendant Coastal terminated and thereby, discharging Plaintiff from any and all duties and liabilities.

13

c. Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

## COUNT V

### (Quantum Valebant)

50. The allegations contained in the General Allegations, Count I through Count IV are repeated and re-alleged as if fully set forth herein.

51. Defendant Coastal has promised to pay Plaintiff the fair and reasonable value of the services supplied.

52. Plaintiff Kusmick has fully and satisfactorily performed his obligations and billed Defendant Coastal for the fair and reasonable value of the services supplied plus accrued interest as per the contract's terms.

53. Plaintiff Kusmick is owed by Defendant Coastal the remaining unpaid balance for the fair and reasonable value of said services supplied.

54. To date, Defendant Coastal has failed to fully pay Kusmick the total reasonable value for the services he supplied.

55. There presently remains an unpaid invoiced balances totaling $4,530.34 for the reasonable value for said services.

**WHEREFORE,** Plaintiff demands judgment against Defendant Coastal as follows:

14

a. Judgment awarding Plaintiff compensatory damages plus pre-judgment and post-judgment interest at the contract rate of 1-1/2 percent per month on the balances owed until paid in full.

b. Judgment declaring Plaintiff's contract with Defendant Coastal terminated and thereby, discharging Plaintiff from any remaining duties and liabilities.

c. Judgment for the taxed costs of this action and any further relief that the Court deems just.

## COUNT VI

**(Breach of Covenants of Good Faith and Fair Dealing)**

56. The allegations contained in the General Allegation, and Counts I through VI are repeated and re-alleged as if fully set forth herein.

57. As a result of the aforementioned acts, including but not limited to Defendant Coastal's issuing payments to Plaintiff, Defendant Coastal's wrongful failure and/or refusal to pay Plaintiff, the outstanding balances due and demanded on its invoiced amounts, Defendant Coastal has breached the common law covenants of good faith and fair dealing in their contract with Plaintiff.

58. By virtue of the foregoing, Plaintiff has been damaged and continues to be damaged thereby.

15

**WHEREFORE,** Plaintiff demands judgment against Defendant Coastal as follows:

a. Judgment awarding Plaintiff compensatory damages plus pre-judgment and post-judgment simple interest at the monthly contracted rate of 1-1/2 percent per month on the unpaid contract balance amount owed until paid in full.

b. Judgment awarding Plaintiff compensatory damages for the remaining invoiced balances totaling $4,530.34.

c. Judgment declaring Plaintiff's contract with Defendant Coastal terminated and thereby, discharging plaintiff from any remaining duties and liabilities.

d. Judgment for the taxed costs and expenses of this action and any further relief that the Court deems just.

### JURY DEMAND AND TRIAL COUNSEL DESIGNATION

Plaintiff hereby demands a trial by jury on all counts.

Dated: October 1, 2018

_____
Jeffrey W. Kusmick, Plaintiff